■ In the Matter of ALFONSO D., a Child Alleged to be Permanently Neglected. NINCY D., Appellant; LAKESIDE FAMILY AND CHILDREN'S SERVICES, Respondent. [785 NYS2d 59]—

Order of disposition, Family Court, New York County (Sara P.

Schechter, J.), entered on or about January 29, 2002, which terminated respondent mother's parental rights to her son and committed his custody and guardianship to petitioner agency and the Commissioner of Social Services of the City of New York, after a fact-finding determination that respondent had permanently neglected the child, unanimously affirmed, without costs.

There was clear and convincing evidence that respondent had permanently neglected the child by failing to plan for his future, despite the agency's diligent efforts to encourage and strengthen the parental relationship. The diligent efforts were reasonable (*Matter of O. Children*, 128 AD2d 460 [1987]), and "the agency is not charged with a guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). Although respondent was required to complete a drug treatment program and the agency provided referrals and sought to follow up, she failed to complete a program within the statutorily relevant period (*see Matter of Rutherford Roderick T.*, 4 AD3d 213 [2004]). Nor did she maintain meaningful contact with the child on a regular basis.

The evidence at the dispositional hearing showed that most of the child's life has been in foster care, where his problems are addressed in a home setting in which he has bonded with foster parents who wish to adopt him, and that respondent has failed to develop a relationship with him and has ceased visitation. It is preponderantly clear that termination of parental rights was in the best interests of this child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.