The finding of permanent neglect is supported by clear and convincing evidence that despite the agency’s diligent efforts, respondent failed to plan for the children’s future (see Social Services Law § 384-b [7] [a]). Although respondent was required to complete a drug treatment program and the agency provided referrals and sought to follow up, respondent failed to complete a program (see Matter of Jada Dorithah Solay McC. [Crystal Delores McC.], 95 AD3d 615 [1st Dept 2012]; Matter of Alfonso D., 12 AD3d 258, 259 [1st Dept 2004]).
*636 A preponderance of the evidence supports the determination that the children’s best interests would be served by terminating respondent’s parental rights and freeing the children for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Respondent still had not completed a drug treatment program by the time of disposition. Meanwhile, the children have lived in the same preadoptive foster home with their other siblings for over four years. In addition, the foster parents, who wish to adopt the children, have been tending to the children’s special needs, and the children have been thriving in their care. Concur — Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.